UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: METHOD OF PROCESSING | ) | |
| ETHANOL BYPRODUCTS AND | ) | |
| RELATED SUBSYSTEMS ('858) | ) | Master Case No. 1:10-ml-02181-LJM-DML |
| PATENT LITIGATION | ) | Associated Case No. 1:10-cv-08003-LJM-DML |

## Order on Discovery Matter

On March 1, 2012, at the parties' request (Dkt. 244), the court conducted a telephone

discovery conference regarding a discovery dispute concerning the plaintiffs' responses to

discovery served by defendants Bushmills Ethanol Company, Inc., Chippewa Valley Ethanol

LLLP, Heartland Corn Products, and United Wisconsin Grain Producers, LLC (the "moving

defendants"). The parties presented their positions during the conference and, at the court's

invitation, later supplied case authority (Dkts. 252 and 253 in Case No. 10-2181) for the court's

consideration.

The dispute concerns whether the plaintiffs must, in response to an interrogatory, specify

an amount, or a range of amount, that the "concentrate" stream coming out of the centrifuge must

be free of oil to fall within the claim "substantially free of oil" as construed by the court. (*See*

court's Claim Construction Chart, Dkt. 214). The plaintiffs obtained samples from defendants'

ethanol processing operations of their "oil" stream and the "de-oiled concentrate" stream at

various intervals in the processing, and those samples were tested by a third-party. The plaintiffs

have provided the data from the test results and explained that they are calculating the percentage

of oil present in the de-oiled concentrate stream by dividing the weight of the oil present in the

sample by the total weight of the sample, multiplied by 100. The plaintiffs contend that the

resulting percentage of oil in the de-oiled concentrate stream in each of the moving defendant's processes fits the parameter that it be "substantially free of oil."  The moving defendants contend that the plaintiffs must be more specific regarding the amount of oil in the concentrate stream that would constitute an amount in excess of "substantially free of oil," and therefore non-infringing.  They insist that the plaintiffs provide a specific percentage amount, or at least a percentage range amount, above which a concentrate stream is no longer substantially free of oil.  Or absent this information, they insist that the plaintiffs state that they do not know what specific percentage amount, or range, constitutes that threshold.  To support their argument that the plaintiffs must provide this information, the defendants point to cases from other districts in which the courts required the patent holder to explain specifically and in detail how the defendant's process infringed the patent, to cases regarding the doctrine of indefiniteness, and to cases regarding a patent holder's inability to recover lost profits when a non-infringing substitute is either "available" or "on the market."

The court is not persuaded that the additional "information" defendants seek—establishment of a line—is something the plaintiffs must provide now in response to the defendants' discovery requests.  First, though the defendants might not now have an exact line against which to experiment with their own processes (like the defendant, after claims construction, did in *Grain Processing Corp. v. American Maize-Products Co.,* 185 F.3d 1341 (Fed. Cir. 1999)), nothing appears to prevent them from experimenting or developing evidence of the ease with which substitutes are available.  Second, and most pertinent in the court's view, the posture of this case is different in a material way from the circumstances addressed by the courts in the cases cited by the defendants.  Here, this case has progressed past the parties' competing positions regarding the proper construction of the patent's claims.  Under the case

2

management plan, the plaintiffs were required to set out their claims contentions, and they did so. And the court has issued its *Markman* ruling.

The extent to which the plaintiffs—now faced with the *Markman* ruling that the de-oiled concentrate stream is one "substantially free of oil"—must further explain the line or range above which the stream is no longer substantially free of oil is either (a) an issue to be explored on summary judgment; (b) an issue to be explored through a motion to construe the meaning of "substantially free of oil"; or (c) an issue for trial. Further, it appears that the issue of where the line is drawn is one for which expert testimony may be necessary, or at least desirable. In *Halliburton Energy Services, Inc. v. M-I LLC,* 514 F.3d 1244 (Fed. Cir. 2008)*,* the court explained that the standard of indefiniteness (one that an accused infringer has the burden to show) is met by clear and convincing evidence "that a skilled artisan could not discern the boundaries of the claim based on the claim language, the specification, and the prosecution history, as well as her knowledge of the relevant art area." *Id.* at 1249-50.

It may be, as the defendants argue, that the plaintiffs must have a specific line or the patent is indefinite and therefore invalid, *see United Carbon Co. v. Binney & Smith Co.,* 317 U.S. 228, 236-37 (1942); *Halliburton Energy,* 514 F.3d at 1249-50. But the court is wary of short-circuiting resolution of indefiniteness and invalidity via a discovery dispute when the parties already have been given an opportunity at claim construction. Moreover, both sides know the percentage of oil in the concentrate stream for these defendants and that the plaintiffs contend that percentage falls within the "substantially free of oil" claim of the patent.

3

## Conclusion

For these reasons, the court DENIES the moving defendants' request that the court order the plaintiffs to supplement their discovery responses by identifying the percentage line or range above which the concentrate stream is no longer substantially free of oil.

So ORDERED.

Date:   03/20/2012

_Debra McVicker Lynch_
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution to all counsel of record via CM/ECF[1]

---

[1]      As permitted by Local Rule 5-5(b)(2), the court will not distribute copies of this order to those attorneys not registered for electronic notification via CM/ECF.